ARCHIBALD S. WHITE, Respondent, *v.* ARTHUR B. LEACH and Others, Doing Business under the Firm Name and Style of A. B. LEACH & COMPANY, Appellants, Impleaded with FRANK M. VAN HORN, Defendant.

First Department, December 1, 1916.

Appeal — evidence — failure to object at trial to admission of letter in evidence.

Where, in an action to recover under an alleged agreement for services in selling bonds for the defendants, the latter made no objection to the receipt in evidence of a letter written by the plaintiff confirming the

agreement between them, and knew of the importance of said letter, it having been set forth in the plaintiff's bill of particulars, the defendants cannot on appeal claim that said letter was without probative force, because plaintiff had not proved that it was sent and did not call the person to whom it was dictated.

APPEAL by the defendants, Arthur B. Leach and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 28th day of February, 1916, upon the report of a referee appointed to hear and determine the issues.

*Henry M. Earle,* for the appellants.

*Nathaniel A. Elsberg* [*Charles E. Thorn* with him on the brief], for the respondent.

DOWLING, J.:

Plaintiff has recovered a judgment in the sum of $20,000, with interest, upon a contract between himself and the defendants whereby the plaintiff agreed to take from the defendants at the price of $900 per bond and place with purchasers thereof 1,000 mortgage bonds of the Cincinnati Gas Transportation Company, in pursuance whereof the plaintiff did in fact place said 1,000 bonds with purchasers at the price of $920 per bond, upon the understanding and agreement with the defendants that the plaintiff should receive from them the sum of $20 per bond on all bonds so taken and purchased from defendants by the persons, firms and corporations procured by the plaintiff, being the difference between the price of $900 per bond at which plaintiff was to take and place them and the price of $920 per bond which was paid to defendants by the purchasers procured by the plaintiff. There was a conflict of testimony as to the making of the agreement in question and we find no reason for disturbing the conclusion reached by the referee, nor do we think that the finding that the agreement in question was made is against the weight of the evidence. Defendants, however, question the force of a letter received in evidence corroborative of the plaintiff's contention as to the making of the agreement, which letter is dated April 22, 1909, and is written

by plaintiff to defendants confirming the purchase by him of the bonds in question at the price of ninety. The defendants now claim that the letter was without probative force because plaintiff had not proved that it was sent and did not call the person to whom it was dictated. We think that defendants are estopped from raising any question as to the admissibility and force of this letter. When the plaintiff was being examined his counsel addressed to him the following question: "Now, I show you a paper purporting to be a copy of a letter, dated April 22nd, 1909, and ask you whether you remember writing an original letter as per that copy, addressed to Leach & Company? A. I do. Mr. Elsberg: I offer this letter in evidence. Mr. Earle: No objection. The paper was admitted in evidence and marked Plaintiff's Exhibit No. 3, January 17th, 1916." It is too late for the defendants now to question upon this appeal the admissibility of this letter. If they intended to claim that it had not been sent or had not been received, their duty was to make the objection at the time of the offer of the letter in evidence. The failure to object to its reception entitled it to all the weight which it might carry as a letter written by plaintiff to defendants and sent by him to them, for upon that theory alone was it at all admissible, and if it had never been sent, as defendants now contend, the place to advance the claim was at the Trial Term and not here. The importance of the letter as corroborative of the plaintiff's testimony and as forming part of the agreement between plaintiff and defendants, was brought to the defendants' attention long before the trial, for it was set forth at length in plaintiff's bill of particulars herein and defendants knew upon the trial the purpose for which it was being offered. Not only that, but there are questions directed to the plaintiff by both his own counsel, the counsel for the defendants and the referee, which appear at numerous points in plaintiff's examination and cross-examination, as well as in a discussion between the defendants' counsel and the referee during the examination of John Alvin Young, a witness for the defendants, which demonstrate clearly that counsel on both sides, as well as the referee, treated the letter in question as one in every way admissible and one claimed not only to have been written, but to have

been sent, by plaintiff to defendants. We find no error in the record before us calling for a reversal of the judgment herein.

The judgment appealed from is, therefore, affirmed, with costs to the respondent.

CLARKE, P. J., LAUGHLIN, SMITH and DAVIS, JJ., concurred.

Judgment affirmed, with costs.